# IN THE COURT OF APPEALS OF IOWA

No. 20-0035
Filed April 15, 2020

**IN THE INTEREST OF F.A.,**
**Minor Child,**

**B.C., Mother,**
    Appellant,

**F.A., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

A mother and a father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Barbara J. Westphal, Belmond, for appellant mother.

Cameron M. Sprecher of Sprecher Law Office, PLC, Mason City, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Crystal Ely of McGuire Law Firm, Mason City, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., Schumacher, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

The juvenile court removed F.A. from the parents' custody and adjudicated him to be a child in need of assistance (CINA) after he tested positive for methamphetamine at birth. The State offered the parents services to reunite them with the child, but the child was no closer to being returned to either parent's care six months later. The State petitioned to terminate both the mother's and the father's parental rights. After a hearing, the juvenile court terminated the parental rights of each under Iowa Code section 232.116(1)(e) and (h) (2019).

The parents separately appeal the termination order. We review their claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Though the juvenile court's findings are not binding on us, we give them weight, especially when they involve witness credibility. *See id.*

Neither the mother nor the father disputes that the State proved the grounds for termination under section 232.116(1)(h) by clear and convincing evidence. We may therefore affirm the termination of parental rights under this paragraph. *See In re A.B.,* 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."); *L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived.").

If a statutory ground for termination exists, the court must determine whether termination is in the child's best interests. *See* Iowa Code § 232.116(2); *In re P.L.,* 778 N.W.2d 33, 39 (Iowa 2010). In making this determination, we "give primary consideration to the child's safety, to the best placement for furthering the

long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Although the mother argues it is in F.A.'s best interests to return him to her care, the record belies her claim. She admitted that she was under the influence of methamphetamine when she appeared for the originally scheduled termination hearing. The juvenile court adjourned the hearing to a later date on its own motion. She failed to attend the second hearing. As summarized by the juvenile court,

> [The mother] testified on November 14 that she used methamphetamine that day. She entered inpatient treatment but voluntarily left after one week. She was later discharged from outpatient services for lack of attendance. [The mother] has been honest about her continued drug use. [The mother] has also failed to address her mental health issues. Throughout the life of this case, [The mother] has failed to gain employment and relies upon her father to pay her bills.

In contrast, F.A. has remained in the same foster-care placement his entire life. F.A. has bonded with his foster family, who can provide for his needs and is willing to adopt him. The guardian ad litem supported termination, and we agree that it is in F.A.'s best interests.

The father, who is incarcerated, challenges the reasonable efforts made by the State to reunite him with the child. *See* Iowa Code § 232.102(7) (requiring that the State "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). He complains that the Iowa Department of Human Services denied his requests to bring F.A. to the correctional facility for visits and failed to communicate with him. But to

preserve error on a reasonable-efforts challenge, a parent must complain to the juvenile court about the adequacy of the services "at the removal, when the case permanency plan is entered, or at later review hearings." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). "[V]oicing complaints regarding the adequacy of services to a social worker is not sufficient." *Id.* Because the father fails to show where in the record he raised a timely challenge to reasonable efforts to the juvenile court, he failed to preserve error on this issue.

Finally, both parents seek to delay permanency. Under Iowa Code section 232.104(2)(b), the court may continue the child's placement for another six months if it finds doing so will eliminate the need for the child's removal. Considering each parent's circumstances at the time of the termination hearing, there is no basis for making such a finding. Neither parent made meaningful progress during the CINA proceedings. The mother continued to use drugs, and the father was not set for release from prison until 2030. The legislature "has established a limited time frame for parents to demonstrate their ability to be parents." *In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006). There is no reason to continue that time frame on the record before us. *See In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute.").

We affirm the termination of both the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**